UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

November 29, 2006

Memo To Counsel Re: Long Term Care Partners, LLC v. United States of America and
Ralph D. Rouse, Jr.
Civil No. JFM-06-475

Dear Counsel:

    I have reviewed the memoranda submitted in connection with the motions to dismiss the second amended complaint filed by the United States and Ralph Rouse.  The motions will be granted.

    I previously dismissed count I.  In count II (filed, in part, in response to a suggestion I made at the hearing held on the United States' motion to dismiss the first amended complaint) LTC seeks a declaratory judgment to the effect that its denial of insurability concerning Mr. Rouse does not violate the ADA or the Rehabilitation Act.  Upon reflection, I have concluded that I lack subject matter jurisdiction to entertain that claim.  There is nothing in the record to indicate that the interests of LTC and the United States are adverse as to this claim.  LTC has denied insurability concerning Mr. Rouse in accordance with a contract between LTC and the United States, and the United States has not indicated that it intends to disavow that contract.

    As to Mr. Rouse (assuming that this court has personal jurisdiction over him), LTC lacks standing because it has not suffered any cognizable "injury in fact."  *See generally Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).  Mr. Rouse has not yet prevailed (and may not prevail) on the claim that he is pursuing against the United States.  Indeed, OPM has recently issued a Final Agency Decision ruling against Mr. Rouse.  Moreover, even if Mr. Rouse were to appeal the Final Agency Decision to the EEOC (as he is entitled to do) and were ultimately to prevail, the record does not reveal that Mr. Rouse would thereafter pursue a claim against LTC.  Although LTC may face uncertainty under the present circumstances, "mere uncertainty . . . [is not] hardship for purposes of ripeness analysis."  *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 811 (2003).

    Because I find that I lack subject matter jurisdiction over this action, I need not decide Mr. Rouse's argument that he is not subject to personal jurisdiction in Maryland.  I note, however, that in my view it is doubtful that Mr. Rouse's acquiescence in the investigation of his EEOC claim (that he originally filed in the District of Columbia) by the Baltimore Office of the EEOC (as a consequence of the EEOC's unilateral transfer of the complaint to Baltimore)

satisfies the minimum contacts test established by *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), and its progeny.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Very truly yours,

/s/

J. Frederick Motz
United States District Judge